IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AIG Property Casualty Company,
Commerce & Industry Insurance Company,
Granite State Insurance Company,

      Plaintiffs,

      vs.                                            No. CIV 17-1100 WJ/SMV

M&J Dumptruck & Backhoe Services, Inc.

      Defendant.

## MEMORANDUM OPINION AND ORDER STRIKING DEFENDANT'S "RESPONSE"
## and
## GRANTING DEFAULT JUDGMENT and DAMAGES OF SUM CERTAIN AGAINST DEFENDANT

THIS MATTER comes before the Court upon Plaintiffs' Motion for Default Judgment Against Defendant, filed February 21, 2018 (**Doc. 9**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion for default judgment is well taken and, therefore, is granted and judgment shall be entered in favor of Plaintiffs' for actual damages and interest.

## BACKGROUND

Plaintiffs collectively issued a workers' compensation insurance policy to Defendant for three separate policy periods: (1) from December 10, 2013 to December 10, 2014 ("First Policy Period"); (2) from December 10, 2014 to December 10, 2015 ("Second Policy Period"); and (3) from December 10, 2015 to December 10, 2016 ("Third Policy Period"). *See* Compl., 9, 21 & 32. Plaintiffs allege that Defendant now owes premiums in the amount of $357,426.00. Their

attempts to resolve this dispute without litigation have been unsuccessful, and Defendant has not responded to several demand letters sent by Plaintiffs before the filing of this lawsuit.[1]

### DISCUSSION

Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)). Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). A court may set an evidentiary hearing to determine the amount of damages if such amount is not "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

Plaintiffs filed this lawsuit on November 6, 2017, and served Defendant with a copy of the Complaint and Summons on November 11, 2017. Defendant filed a "Response to Summons" on December 7, 2017—three days late under the federal procedural rules. *See* Fed.R.Civ. P. 12(a)(1)(A)(i). Based on the untimeliness of the response, as well as Defendant's violation of this Court's local rule requiring a corporation or business entity to be represented by an attorney in order to appear in this Court, *see* D.N.M.LR-Civ. 83.7, Plaintiffs requested that the Clerk of Court enter default against Defendant on December 12, 2017 **(Doc. 6)**. The Clerk's Entry of default was entered on January 3, 2018 **(Doc. 7)**.

Plaintiffs seek default judgment against Defendant (1) in the amount of $357,426.00 in actual damages (representing the premium amounts owed under the policy); (2) prejudgment

---
[1] The Complaint asserts federal jurisdiction based on complete diversity between the parties. *See* Doc. 1, ¶5.

interest at the rate of 15% per year; and (3) postjudgment interest at the statutory rate until the judgment is paid in full.

## I. Defendant's Response Shall be Stricken

Defendant filed a pleading self-styled as a "Response to Summons in a Civil Action" which states that M&J is no longer in business, having been "closed down . . . by the IRS and the State of New Mexico." Doc. 6. It can also be easily construed as an admission of liability, as it states that the owners are unemployed and "have no means to pay any of M&J's debts." *Id.* However, the Court will not consider this as a responsive pleading because of Defendant's failure to comply with this Court's local rule requiring it to be represented by an attorney. *See* D.N.M. LR-Civ.83.7; *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (recognizing that the law has been well established for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel). Defendant's "response" (Doc. 6) is therefore stricken.

## II. Plaintiffs Are Entitled to Default Judgment and Claim of Sum Certain

As a result of Defendant's failure to obtain representation by an attorney and the Court's striking of the response, Defendant has effectively failed to appear for purposes of Rule 55 and Plaintiff is therefore entitled to default judgment.[2]

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding*

---

[2] The Court notes that Plaintiff's motion does not include a certificate of service which is required under D.N.M. LR-Civ. 7.1(b). However, the federal rules of civil procedure allow for an exception to this requirement for a party who "is in default for failing to appear." Fed.R.Civ.P. 5(a)(2).

II, LLC. v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 928–29 (9th Cir.2004). Thus, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir.1985). In this case, Plaintiff claims an amount of damages which can be readily ascertained under the terms of the policy based on a calculation of premiums owed by Defendant. *See, e.g., Rummel v. Lexington Ins. Co.*, 123 N.M. 752, 758 (1997) (insurance contracts are construed by the same principles which govern the interpretation of all contracts); *Farmers Alliance Mutual Ins. Co. v. Bakke et al.*, 619 F.3d 867, 885 8th Cir. 2010 (obligation of liability insurer is *contractual* and is to be determined by the terms of the policy) (emphasis added).

    A.    <u>Actual Damages</u>

Plaintiffs seek an award of actual damages of $357,426.00, which is the amount of premiums owed under the policy for three policy periods.

*First Policy Period (December 10, 2013 to December 10, 2014*:    Under the policy, premium amounts were initially estimated to be $267,838.00. Subsequent auditing indicated that Defendant owed an additional $213,006.00, making the total premium owed for the First Policy Period $480,964.00 (including charges for late fees and installment fees). Defendant made payments in the amount of $267,958.00, but failed to pay the additional $213,006.00, which was due on September 10, 2016, according to a billing statement that was sent to Defendant on August 16, 2016.[3] *See* Doc. 1 at 36 (Ex. F attached to Compl.) Thus, the $213,006.00 remains the amount still owed by Defendant for the First Policy Period.

---

[3] The policy provides that auditing may be conducted within three years after the policy ends, and so it appears that the auditing for the first policy period took place after the actual period ended in December 2014, and into the period of the Second Policy Period. *See* Doc. 9 at 5 & Compl., ¶¶17-18.

*Second Policy Period (December 2014-December 10, 2015)*: An audit of Defendant's books and records was also conducted for the Second Policy Period, which showed that Defendant owed additional premiums. Defendant made payments in the amount of $408,837.00 toward the total premium amount of $609,087.00, but failed to pay the remaining $128,250.00 which was due on August 15, 2016. *See* Doc. 9-1(Ashby Decl.), ¶8 and Ex. A (post-audit invoice). Defendant therefore still owes $128,250.00 for this period.

*Third Policy Period (December 10, 2015-December 10, 2016)*: Defendant owed a total premium of $140,191.00 for the this period, but only paid $124,021.00 toward that amount and failed to pay $16,170.00 that was due on April 6, 2017. *See* Doc. 9-1 (Ashby Decl.), ¶¶9-10, Exs. B & C.

Based on this evidence, the Court finds that Defendant owes Plaintiffs readily ascertainable sums of money representing the additional premiums from the First, Second and Third Policy Periods, totaling $357,426.00.

B. <u>Prejudgment Interest</u>

State law governs prejudgment interest. *Stonebridge Life Ins. Co. v. Garcia*, No. CV 10-582 MV/DJS, 2011 WL 13112576, at *5 (D.N.M. Sept. 28, 2011). The purpose of an award of prejudgment interest under NMSA 1978 §56-8-3 is to compensate a plaintiff for the lost opportunity to use the money owed between the time the plaintiff's claim accrued and the time of judgment. *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 117 N.M. 373, 377, 872 P.2d 346, 350(1994).

Although prejudgment interest is ordinarily awarded in a federal case, it is generally not recoverable as a matter of right and a court uses its discretion to determine whether an award of prejudgment interest would serve to compensate the injured party. *U.S. Indus., Inc. v. Touche*

*Ross & Co.*, 854 F.2d 1223, 1257 (10th Cir.1988). However, when the amount owed is fixed or readily ascertainable (as under a contract), prejudgment interest under NMSA §56-8-3 "generally should be awarded absent peculiar circumstances as a matter of right." *Stonebridge Life Ins. Co. v. Garcia*, No. CV 10-582 MV/DJS, 2011 WL 13112576, at *5 (D.N.M. Sept. 28, 2011) (citing *State ex rel. Bob Davis Masonry, Inc. v. Safeco Ins. Co. of Am.*, 118 N.M. 558, 560-61 (1994) (noting that § 56-8-3 "allows prejudgment interest in cases proving money due by contract); *see also Biava v. Insurers Admin. Corp.*, Nos. 94-2013, 94-2014, 1995 WL 94461, *6 (10th Cir. March 1, 1995) (affirming award of prejudgment interest in ERISA case based on New Mexico's interest statute because it served to compensate the insured for the insurance company's failure to pay benefits and was not otherwise inequitable).

The amount of premium due under the policy is readily ascertainable under the terms of the insurance agreement and the billing invoices sent to Defendant: $213,006.00 to be paid on or before September 10, 2016 for the First Policy Period; $128,250.00 in outstanding premium due on or before August 15, 2016 for the Second Policy Period; and $16,170.00 due on or before April 6, 2017 for the Third Policy Period.

Plaintiffs request an award of prejudgment interest at the rate of 15% per year, which is the maximum rate allowed on money due by contract under §56-8-3(A) and which the Court approves since New Mexico courts have recognized that in a typical case, the full 15% interest rate should be awarded. *See Sunwest Bank of Albuquerque, N.A. v. Colucci*, 117 N.M. 373, 379, 872 P.2d 346, 352 (1994) (noting that claimant is entitled to prejudgment interest at the fifteen-percent rate) (cited in *Happy Camper Mgmt., LLC v. Ament*, No. CV 15-927 WJ/GBW, 2016 WL 8259516, at *6 (D.N.M. Sept. 27, 2016)). Therefore, Plaintiffs are granted an award of

prejudgment interest of 15% interest on $213,006.00 calculated from September 10, 2016; $128,250.00 calculated from August 15, 2016; and $16,170.00 calculated from April 6, 2017.[4]

    C.       Postjudgment Interest

Plaintiffs seek post-judgment interest on their damages award for Defendant's breach of the insurance agreement as well as the prejudgment interest award, until the judgment is paid in full.

Postjudgment interest from the entry of a district court's judgment is mandatory under 28 U.S.C. §1961, which provides that postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court" with interest calculated from the date of the entry of the judgment, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Further, post-judgment interest "shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b). *See Boston Old Colony Ins. Co. et al v. Tiner Assoc., Inc., et al.*, 288 F.3d 222, 223 (5th Cir. 2002) (postjudgment interest is calculated at the federal rate, while prejudgment interest is calculated under state law).

Thus, Plaintiffs are entitled to postjudgment interest on their actual damages of $357,426.00. In addition, they are entitled to postjudgment interest on the prejudgment interest award. *See Kelley v. City of Albuquerque*, 2006 WL 1305038, at *3 (D.N.M. Apr. 12, 2006) ("[T]he monetary award upon which postjudgment interest should accrue is the entire award granted by the district court, including the forthcoming award of prejudgment interest.") (citing *Bancamerica Commer. Corp. v. Mosher Steel,* 103 F.3d 80, 82 (10th Cir. 1996)).

---

[4] It stands to reason that prejudgment interest does not accrue on any of these amounts until each amount became due, and so prejudgment interest should be calculated on the separate amounts due under each of the policy periods.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiffs are entitled to default judgment and that Defendant owes Plaintiffs readily ascertainable sums of money representing the additional premiums from the First, Second and Third Policy Periods, totaling $357,426.00.

The Court also finds and concludes that Plaintiffs are entitled to prejudgment interest for each of the three policy periods: an award of prejudgment interest of 15% interest on $213,006.00 calculated from September 10, 2016 until April 3, 2018, the date of entry of judgment; $128,250.00 calculated from August 15, 2016 until April 3, 2018, the date of entry of judgment; and $16,170.00 calculated from April 6, 2017 until April 3, 2018, the date of entry of judgment—with such interest accruing from the date the premium for each period became due. The Court also grants Plaintiffs' request for an award of postjudgment interest on their actual damages of $357,426.00. In addition, they are entitled to postjudgment interest on the prejudgment interest award, at the rate set out under 28 U.S.C. §1961(a).

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendant (**Doc. 9**) is hereby GRANTED for reasons described above, granting Plaintiffs' Default Judgment against Defendant; granting Plaintiffs an award of actual damages in the amount of $357,426 as a sum certain under the insurance policy as well as prejudgment and postjudgment interest as specified in this Memorandum Opinion and Order.

A Rule 58 Judgment shall issue separately.

_____
CHIEF UNITED STATES DISTRICT JUDGE